UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS A. PICCONE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| CARRINGTON MORTGAGE SERVICES, LLC, WILMINGTON SAVINGS FUND SOCIETY, FSB, and ANONYMOUS CORPORATION 1-5, | ) Civil Case No. 3:20-cv-11124-MGM ) ) ) ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S
MOTION TO COMPEL COMPLIANCE WITH COURT ORDER WITH
SANCTIONS AND PLAINTIFF'S FIRST MOTION TO AMEND COMPLAINT
(Dkt. Nos. 66, 67)

I. INTRODUCTION

Plaintiff Louis A. Piccone ("Plaintiff"), who is self-represented, filed suit against Carrington Mortgage Services, LLC, and Wilmington Savings Fund Society, FSB, (collectively, "Defendants"). All that remains of the case is a single claim for violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692. The court referred the case to the undersigned for pretrial management (Dkt. No. 57). Plaintiff has moved the court for leave to file a second amended complaint reasserting ten claims against Defendants that the district court previously dismissed, naming five new defendants, and adding eleven new causes of action (Dkt. No. 67). Plaintiff has also filed a motion to compel certain third parties to comply with an earlier order of this court requiring them to produce non-privileged documents responsive to Plaintiff's Fed. R. Civ. P. 45 subpoena and for sanctions (Dkt. No. 66). For the reasons that follow, Plaintiff's motions are DENIED.

1

## II.    PROCEDURAL HISTORY

Plaintiff initiated this action by filing a complaint against Defendants on June 24, 2020 (Dkt. No. 1).  On February 23, 2021, Plaintiff, with leave of court, filed an amended complaint asserting eleven causes of action, including violations of the FDCPA, 15 U.S.C. § 1692 (Counts I and II), violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, § 2 (Count III), unjust enrichment (Count IV), abuse of process (Count V), breach of contract (Count VI), breach of implied covenant of good faith and fair dealing (Count VII), slander of title (Count VIII), breach of contract and covenant of good faith and fair dealing (Count IX), negligent infliction of mental distress (Count X), and declaratory relief (Count XI) (Dkt. No. 31). Defendants moved to dismiss Plaintiff's first amended complaint for failure to state a claim, which Plaintiff opposed (Dkt. Nos. 29, 38).  On September 30, 2021, the district court granted Defendants' motion to dismiss as to all counts save for Plaintiff's claim in Count II of his first amended complaint that Defendants violated the FDCPA by falsely asserting in a Servicemembers Civil Relief Act action that Plaintiff "has abandoned the property in order to be able to proceed with the foreclosure during a moratorium on foreclosures in Massachusetts under State Law resulting from the COVID-19 pandemic" (Dkt. No. 41 (quoting Dkt. No. 31 at ¶ 114)).

On January 4, 2022, AHP Capital Management LLC, American Homeowner Preservation Trust Series AHP Servicing, American Homeowner Preservation Management LLC, and AHP Servicing LLC, (collectively, the "AHP entities") filed a motion to quash third-party subpoenas for documents directed to them by Plaintiff dated November 26, 2021 (Dkt. No. 45).  On June 6, 2022, the district court denied the AHP entities' motion to quash on timeliness grounds (Dkt. No. 52).  That same day, the court noted that Defendants had failed to file an answer to Plaintiff's

first amended complaint within fourteen days after notice of the court's ruling on their motion to dismiss as required by Fed. R. Civ. P. 12(a)(4)(A), and that Plaintiff had not requested issuance of a default under Fed. R. Civ. P. 55(a) (Dkt. No. 53).  The court ordered the parties to confer and file a joint status report or separate status reports by June 20, 2022, and indicated that failure to comply might result in dismissal of the action for failure to prosecute.  Defendants answered Plaintiff's complaint (Dkt. No. 55), and, in accordance with the court's order, filed a status report on June 20, 2022, indicating that they had produced 2,223 pages of documents to Plaintiff and that the Servicemembers Civil Relief Act action referenced in the court's September 30, 2021, order had been voluntarily dismissed (Dkt. No. 56).  Defendants informed the court that they intended to move for summary judgment on the remaining count of Plaintiff's first amended complaint on mootness grounds, as well as on the merits.  Plaintiff failed to file a status report as ordered.

On July 26, 2022, Plaintiff filed a motion to compel the AHP entities to comply with his subpoenas for documents and the court's June 6, 2022, order denying their motion to quash (Dkt. No. 58).  The AHP entities filed a limited opposition in which they requested 45 days to respond to the Plaintiff's subpoenas (Dkt. No. 60).  On September 8, 2022, this court issued an order granting Plaintiff's motion to compel and requiring the AHP entities to produce all non-privileged documents responsive to Plaintiff's subpoenas in their possession, custody, or control by no later than October 6, 2022 (Dkt. No. 63).  A scheduling conference also took place on September 8, 2022, during which Plaintiff indicated that he wished to file a second amended complaint.  This court issued an order requiring that Plaintiff file a motion seeking leave to file a second amended complaint by October 13, 2022 (Dkt. No. 64).

Plaintiff did not file his motion for leave to file a second amended complaint until October 20, 2022 (Dkt. No. 67).  By the motion, Plaintiff seeks leave to reassert the ten causes of action the district court dismissed on September 30, 2021, name five new defendants, including Stanwich Mortgage Loan Trust A and the four AHP entities, and add eleven new causes of action, including fraud, waste, and mismanagement (Count 2), conversion (Count 3), bailment (Count 4), invasion of privacy (Count 5), negligence (Count 6), trespass (Count 7), civil conspiracy (Count 8), unjust enrichment (Count 9), willful unlawful behavior (Count 10), and violations of the FDCPA, 15 U.S.C. § 1692 (Counts 11 and 12).

The same day Plaintiff filed his motion for leave to file a second amended complaint, he filed a motion to compel the AHP entities to comply with the court's September 8, 2022, order and for sanctions based on their failure to produce responsive documents by the deadline imposed by the court (Dkt. No. 66).  The AHP entities filed a limited opposition on October 27, 2022, representing that the responsive documents had been sent by international priority delivery to Plaintiff on October 18, 2022, and arguing that Plaintiff's motion was moot as a result (Dkt. No. 69).

### III.    MOTION FOR LEAVE TO AMEND

#### A.  Legal Standard

Under Fed. R. Civ. P. 15(a), a plaintiff may amend a pleading once as a matter of right before a responsive pleading is filed and subsequently only with the consent of the opposing party or permission of the court.  *Acosta-Mestre v. Hilton Int'l of P.R., Inc.*, 156 F.3d 49, 51 (1st Cir. 1998) (citing Fed. R. Civ. P. 15(a)).  Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a).  "This does not mean, however, that a trial court must mindlessly grant every request for leave to amend."  *Aponte-

*Torres v. Univ. of P.R.*, 445 F.3d 50, 58 (1st Cir. 2006). "Reasons for denying leave include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." *United States ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, the accuracy of the 'futility' label is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6)." *Hatch v. Dep't for Children, Youth & Their Families*, 274 F.3d 12, 19 (1st Cir. 2001) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)).

    B. <u>Discussion</u>

        1. *Plaintiff's Attempt to Reassert Counts I and III-XI*

The court first addresses Plaintiff's attempt to reassert verbatim the ten causes of action the district court dismissed by order dated September 30, 2021, namely Counts I and III-XI (Dkt. No. 41). The court has already determined that these counts are subject to dismissal for failure to state a claim, and Plaintiff has not come forward with any justification for why the court's earlier ruling should be reconsidered. *See Davis v. Lehane,* 89 F. Supp. 2d 142, 147 (D. Mass. 2000) ("In order to balance the competing interests of finality and justice, a motion for reconsideration should only be granted if the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order."). Accordingly, Plaintiff's motion to amend is denied to the extent he seeks leave to reassert the claims stated in Counts I and III-XI of his proposed second amended complaint.

5

*2. Plaintiff's Attempt to Add New Defendants*

The court turns next to Plaintiff's attempt to add Stanwich Mortgage Loan Trust A and the four AHP entities as defendants. Local Rule 15.1(b) requires "a party moving to amend a pleading to add a new party [to] serve, in the manner contemplated by Fed. R. Civ. P. 5(b), the motion to amend upon the proposed new party at least 14 days in advance of filing the motion, together with a separate document stating the date on which the motion will be filed." L.R. 15.1(b). The rule further requires that "[a] motion to amend a pleading to add a new party be accompanied by a certificate stating that it has been served in advance on the new party as required by th[e] rule." L.R. 15.1(b). The purpose of Local Rule 15.1(b) is "to provide proposed new parties to an ongoing lawsuit with notice, and an opportunity to be heard in opposition …." *Marolda v. Tisbury Towing & Transp. Co., Inc.*, 518 F. Supp. 3d 544, 550 (D. Mass. 2021).

"Compliance with local rules of procedure is mandatory, even for *pro se* parties." *Monahan v. Sabatis*, C.A. No. 14-13863-PBS, 2014 WL 12703711, at *2 (D. Mass. Dec. 16, 2014) (citing *Graham v. Sabol*, 734 F. Supp. 2d 194, 199 & n.4 (D. Mass. 2010)). Plaintiff failed to include the required certificate of service on the proposed new parties, and there is no indication in the record that Plaintiff served the motion to amend on Stanwich Mortgage Loan Trust A and the four AHP entities as required.[1] For this reason, Plaintiff's motion to amend is denied to the extent he seeks to add new defendants. *See Tobias v. Smith*, Civil Action No. 21-11736-FDS, 2022 WL 1129376, at *4 n.9 (D. Mass. Apr. 15, 2022) (denying a pro se plaintiff's motions to amend on futility grounds and noting that he also failed to comply with L.R. 15.1(b) as required); *Marolda*, 518 F. Supp. 3d at 550. I further grant

---

[1] The only certificate of service Plaintiff filed reflects that he served the motion to amend and supporting materials on counsel for Defendants (Dkt. No. 67 at 3).

6

Plaintiff leave to renew his motion *only as to claims against* Stanwich Mortgage Loan Trust A and the four AHP entities, subject to the rights of Stanwich Mortgage Loan Trust A and the four AHP entities to challenge any such motion, only "if [he] can demonstrate that [he] has cured the L.R. 15.1(b) deficiency." *Marolda*, 518 F. Supp. 3d at 50. Any such motion by Plaintiff must be filed by no later than June 2, 2023.

### 3. *Plaintiff's Attempt to Add New Claims*

Finally, the court addresses Plaintiff's attempt to add the new claims stated in Counts 2-12, as set forth above. The court has already denied Plaintiff leave to amend to the extent he seeks to add new defendants. Therefore, the court also denies Plaintiff leave to amend to add the claims stated in Counts 9 and 12, which Plaintiff limits to the AHP entities, and to add the claims stated in Counts 2-8 and 10-11 as against the proposed new defendants. Thus, all that remains to be considered are the claims Plaintiff seeks to assert in Counts 2-8 and 10-11 as against the existing Defendants. Defendants argue that Plaintiff fails to state a claim against them with respect to these counts, and the court agrees.

"Dismissal of a complaint pursuant to Rule 12(b)(6) is inappropriate if the complaint satisfies Rule 8(a)(2)'s requirement of 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2)." *Ocasio-Hernández v. Fortuno-Burset*, 640 F.3d 1, 11-12 (1st Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To satisfy the "short and plain" requirement of Rule 8(a), a complaint must provide "'"fair notice of what the … claim is and the grounds upon which it rests."'" *Id*. at 12 (quoting *Twombly*, 550 U.S. at 555). To satisfy the requirement of showing an entitlement to relief, "a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the

complaint are true (even if doubtful in fact).'" *Id*. at 12 (quoting *Twombly*, 550 U.S. at 555).  In other words, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 566 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

In the proposed second amended complaint, Plaintiff alleges that the AHP entities acquired an interest in the property at 519 Kirchner Road, Dalton, MA 01226, that is the subject of this litigation through an assignment of the promissory note for the mortgage at issue in or about March 25, 2021 (Dkt. No. 68-1 at ¶ 131).  He then makes the following allegations regarding the removal of his personal property from the home and the deterioration in the condition of the property to support his new claims:

> 133. After being assigned the subject promissory note the Defendants took control of the property and placed locks on the entrance doors that denied Plaintiff access to the property.
>
> 134. That by taking control of the property the Defendants assumed an obligation to maintain the personal property in the home in the condition in which it was found.
>
> 135. At some point all of Plaintiff's personal property in the house was removed by one or more of the defendants and/or their agents.
>
> 136. The amount of personal property removed was extensive …totaling an estimated $125,000.00.
>
> 137. While the Defendants and each of them had custody of the premises, they failed to conduct routine maintenance required to keep the property in good repair in view of the Defendants and/or their agents taking exclusive possession of the home.

> 138. The condition of the property declined precipitously while the Defendants and each of them had exclusive possession of the property, with substantial problems developing such as an infestation of black mold in large areas of the home, the heating system not working, the roof becoming compromised, etc.

These allegations fail to satisfy Rule 8(a)(2), insofar as they do not allow the court to draw the reasonable inference that Defendants are liable for the misconduct alleged. To support such an inference, a complaint "must allege facts linking *each* defendant to the grounds on which that particular defendant is potentially liable." *Redondo Waste Sys., Inc. v. Lopez-Freytes*, 659 F.3d 136, 139–40 (1st Cir. 2011) (emphasis added). Plaintiff's proposed second amended complaint does not do this. It does not include any facts linking Defendants to the changed locks that allegedly denied Plaintiff access to the Dalton property, which is the basis for Plaintiff's claims that Defendants assumed the obligation to maintain the personal property in the home in the condition that it was found or that Defendants would be at fault for the deterioration in the condition of the property. To the contrary, the complaint lays responsibility for the changed locks on the AHP entities and simply alleges that Plaintiff's personal property was removed "[a]t some point … by one or more of the defendants and/or their agents." Thus, the second amended complaint does not provide a basis on which to reasonably infer that Defendants are liable for the alleged black mold infestation or problems with the house's heating system and roof or for the removal of Plaintiff's personal property from the home. Instead, the court is left with only the "sheer possibility" that Defendants are liable, which is insufficient to state a claim. *See Thorne v. Bank of New York Mellon*, No. 13-14910, 2014 WL 645352, at *3 (E.D. Mich. Feb. 19, 2014) (dismissing the plaintiff's complaint failed to state a claim upon which relief could be granted where it stated, "in a conclusory fashion, that the 'defendants' wrongfully locked [the plaintiff] out of the home and seized his personal property"). Accordingly, Plaintiff's motion to amend is

9

denied to the extent he seeks to assert the new claims stated in Counts 2-12 of his proposed second amended complaint.

### IV.  MOTION TO COMPEL AND FOR SANCTIONS

Finally, the court turns to Plaintiff's motion to compel and for sanctions. Rule 45 confers broad enforcement powers upon the court to ensure compliance with subpoenas. Fed. R. Civ. P. 45(d). Plaintiff seeks an order compelling the AHP entities to comply with this court's September 8, 2022, order requiring them to produce all non-privileged documents in their possession, custody, or control responsive to Plaintiff's Rule 45 subpoena. Counsel for the AHP entities has represented that these documents have now been produced to Plaintiff (Dkt. No. 69). Because the AHP entities have produced the documents, the motion to compel is moot.

Regarding Plaintiff's request for sanctions, pursuant to Fed. R. Civ. P. 45(g), a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "The decision to hold a non-party in contempt under Rule 45 is within the sound discretion of the trial court." *Vitalis v. Sun Constructors, Inc.*, Civil Action No. 2005-0101, 2020 WL 4912298, at *9 (D.V.I. Aug. 20, 2020) (citing *Harris v. City of Philadelphia*, 47 F.3d 1342, 1349 (3d Cir. 1995)). Here, there is no question that AHP entities failed to comply with this court's September 8, 2022, order requiring them to produce all non-privileged documents in their possession, custody, or control responsive to Plaintiff's Rule 45 subpoena by no later than October 6, 2022. Counsel for the AHP entities admits that the AHP entities did not transmit responsive documents to him until October 10, 2022, and that he did not forward the documents to Plaintiff until October 18, 2022 (Dkt. No. 69). Counsel represents that he was involved in a three-day jury trial from October 11 through October 13, 2014, and that he did not complete his review of the documents, which consisted of

1,172 pages, until October 17, 2022, but he offers no explanation for why the AHP entities did not transmit the document to him until after the expiration of the court's deadline.  Nevertheless, the court declines to hold the AHP entities in contempt under the circumstances presented.  While the AHP entities are advised not to ignore court orders in the future, the court will not issue a finding of contempt or impose sanctions where Plaintiff has similarly ignored court orders, and deadlines, including the June 6, 2022, order to submit a status report by June 20, 2022, and the September 8, 2022, order to file his motion seeking leave to amend the complaint by October 13, 2022, and failed to appear for a scheduled videoconference hearing on the motions now before the court on the thinnest of grounds (Dkt. No. 71).

### V.    CONCLUSION

For the above-stated reasons, Plaintiff's motions for leave to file an amended complaint and to compel and for sanctions are DENIED.  Plaintiff is granted leave to renew his motion *only as to claims against* Stanwich Mortgage Loan Trust A and the four AHP entities, subject to the rights of Stanwich Mortgage Loan Trust A and the four AHP entities to challenge any such motion.  **Any such motion by Plaintiff must be filed by no later than June 2, 2023.**

It is so ordered.

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED:  May 5, 2023